# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ANTHONY COVIELLO,** ) | **CASE NO. 1:04 CR 00595** |
| ) | **1:09 CV 115** |
| **Petitioner.** ) | |
| ) | |
| vs. ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM OF OPINION** |
| **Respondent.** ) | **AND ORDER** |

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed On January 16, 2009 by *Pro Se* Petitioner Anthony Coviello ("§ 2255 Motion" or "Motion") (**ECF No. 746**). For reasons explained below, the Court, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, summarily **GRANTS** in part and **DENIES** in part the Motion.

**I.**

Coviello was one of twenty-five defendants named in a seven-count indictment, filed on September 8, 2004, charging a drug-trafficking conspiracy. *ECF No. 1*. Count One charged Coviello with conspiracy to distribute and possess with the intent to distribute marijuana and cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 21 U.S.C. § 846. Count Six charged Coviello with money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Count

Seven charged Coviello with conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i), and (B)(ii).

In a written plea agreement, Coviello entered pleas of guilty to Counts One and Seven in exchange for the dismissal of Count Six. *ECF Nos. 181, 243 ("Plea Agreement")*. Therein, Coviello also waived his right to directly appeal, or to challenge collaterally, his conviction or sentence collaterally except for, among other things, claims of ineffective assistance of counsel . *ECF No. 243*. The Court thereafter sentenced Coviello to 135 months incarceration followed by 5 years of supervised release, and imposed a fine of $25,000. *ECF No. 652*.

Coviello subsequently raised a claim of ineffective assistance of counsel on direct appeal. *See ECF No. 716*. The Sixth Circuit Court of Appeals declined to review the claim on the basis that it was more properly raised in a motion to vacate under 28 U.S.C. § 2255. *Id.* at 2 (citations omitted). Consequently, Coviello filed the pending § 2255 Motion raising two grounds for relief based on ineffective assistance of counsel. *ECF No. 746.*

## II.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi*

*v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the § 2255 motion is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack. Rule 4(b) provides, in pertinent part:

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*Id.* The Court has promptly examined the motion and the record in the underlying criminal case, including the presentence investigation report, the plea agreement and the transcripts of the relevant hearings, in evaluating the pending Motion, and is prepared to summarily resolve it.

**III.**

Coviello's grounds for relief are based on ineffective assistance of counsel. Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 694). A review of counsel's performance must be highly deferential and requires the courts to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v.*

-3-

*Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).  As to the second "prejudice" prong, the Supreme Court has stated that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

### IV.

### A.

Coviello argues that counsel was ineffective for failing to object to the Court's imposition of a $25,000 fine when the Court intended to impose the minimum applicable guideline fine and the correct minimum fine was actually $15,000.  The record is clear that the Court voiced its intention to "impose the minimum fine under the sentencing guideline range." *Sentencing Hr'g Tr.* at 20.  Furthermore, Coviello is correct that the minimum fine for Offense Level 31, Criminal History Category III, under which he was sentenced, is $15,000.  U.S.S.G. § 5E1.2(c)(3).

While the error was that of the undersigned, counsel should have pointed it out to the Court – if not at the sentencing hearing, then within the seven-day period provided by Rule 35(a) of the Federal Rules of Criminal Procedure.  The Court thus **GRANTS** that portion of the Petition seeking a reduction of the fine from $25,000 to $15,000.

### B.

Coviello also argues that counsel provided constitutionally ineffective advice to him when counsel allegedly told him not to complete the financial forms required by the Probation Department in preparing the Presentence Investigation Report ("PIR").  Coviello contends that had he completed the financial forms, they would have shown that he had no money left, and that

no fine whatsoever would have been imposed on him. This claim is baseless for the following reasons.

It is undisputed, and Coviello recognizes, that the United States Sentencing Guidelines places the burden on a defendant to prove that he is unable to pay a fine. *Motion* at 7 (citing U.S.S.G. § 5E1.2(a)); *see also United States v. Hickey*, 917 F.2d 901, 907 (6th Cir. 1990). Coviello concedes that "this Court did not err in imposing a fine." *Id.* at 7. And neither counsel nor Coviello objected to the fine at the time it was announced, or in a timely Rule 35(a) filing thereafter.

The plea agreement Coviello reviewed and signed states that he "understands that the Court, within its discretion, may order the defendant to pay a fine." *Plea Agreement ¶ 13*. The record shows, and the Sixth Circuit has already ruled, that Coviello knowingly, intelligently, and voluntarily entered into the terms of this plea agreement. *See ECF No. 716* at 2.

The PIR repeatedly detailed Coviello's failure to provide financial documents regarding his financial status, his burden of proof regarding the matter, the consequences thereof, and the likelihood of a fine. *PIR ¶¶ 156, 157, 165, 180, 181; PIR Addendum* at 30. When the Court addressed Coviello at the outset of the sentencing hearing, Coviello acknowledged that he had received a copy of the PIR, had fully read it, had gone over it with his attorney, and was able to ask his attorney any questions he had. *Sentencing Hr'g Tr.* at 2. The totality of the record before the Court thus paints the picture of a petitioner well informed of not only his financial disclosure responsibilities but also the consequences that could result if he did not meet them.

Paradoxically, Coviello concedes that his counsel was *effective* in the advocacy rendered. Based partly on counsel's effectiveness, the Court sentenced Coviello to 135 months

imprisonment – a term less than half the 360-month guideline range originally recommended in the PIR. *Motion* at 8 ("based upon circumstances and arguments delivered by the defense, the Court granted departures from the otherwise applicable guidelines range.").

Coviello's attempt to fit the instant case within the precedent of another jurisdiction is unsound. Although Coviello cites *United States v. Bass*, *310 F.3d 321, 330 (5th Cir. 2002)*, where an additional $50 in assessment fees established prejudice, that same case still required the additional showing of professional conduct below a reasonable standard per *Strickland* before ineffective assistance of counsel could be established. *Id.* As discussed above, such indication of substandard professional conduct is contradicted by the preponderance of court documents as well as Coviello's own brief. Furthermore, where three other defendants indicted with Coviello also received fines as part of their sentences (Oswald Angulo, $10,000 fine, *ECF No. 641*; William Davison, $5,000 fine, *ECF No. 582*; Mark Mendivil, $2,000 fine, *ECF No. 378*), Coviello likewise may well have been subject to a fine irrespective of any claimed deficiencies of counsel. Looking at the facts in totality, the speculative and poorly founded basis of Coviello's claims, and the fact that Coviello admits counsel was otherwise very effective in his advocacy at the sentencing hearing, the Court concludes that Coviello has not overcome the strong presumption that defense counsel's conduct fell "within [the] wide range of reasonable professional assistance." *Monzo*, 281 F.3d at 579. Coviello's first ground for claiming ineffective assistance of counsel is hereby **DENIED**.

## V.

Because it is apparent that the Court intended to impose the minimum fine under the applicable guideline range, and that counsel was ineffective for failing to bring this error to the

Court's attention, that portion of Coviello's motion consistent with a reduction of the fine from $25,000 to $15,000 is **GRANTED**.

Coviello's motion is summarily **DENIED** in all other respects because it is equally apparent from an examination of the record that the other ground for claiming ineffective assistance of counsel is meritless.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     February 4, 2009*
**Dan Aaron Polster
United States District Judge**